United States District Court
Southern District of Texas
**ENTERED**
November 15, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:10-CR-1128-7 |
| | § | (CIVIL ACTION NO. 2:16-CV-349) |
| MICHAEL ORNELAS | § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DENYING A <u>CERTIFICATE OF APPEALABILITY</u>**

Michael Ornelas (Ornelas) filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and a memorandum in support in this and in a companion case, Cause No. 2:10-CR-550.[1] The government filed a response in each case. D.E. 774. Ornelas did not file a reply. The Court denies Ornelas' § 2255 motion (D.E. 763) for the reasons stated herein and also denies him a Certificate of Appealability.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II.  FACTUAL BACKGROUND AND PROCEEDINGS

In December 2010, Ornelas and thirteen others were indicted in a multi-count indictment. Ornelas was charged in Count Four with aiding and abetting assault with a dangerous weapon in aid of racketeering. D.E. 14, Cause No. 2:11-CR-1128-7. Ornelas pleaded guilty to Count Four of the Superseding Indictment pursuant to a plea agreement with the government on February 11, 2011. D.E. 199, Cause No. 2:11-CR-1128-7.

---

[1] Ornelas' original motion was mistakenly filed only in Cause No. 2:10-CR-550, although it referenced both cases.

Ornelas had previously been charged in Cause No. 2:10-CR-550 with felon in possession of a firearm in violation of Title 18, §§ 922(g)(1) and 924(a)(2). In July 2010, Ornelas pleaded guilty to the Indictment and was rearraigned.

The Probation Department prepared a Second Revised Presentence Investigation Report (PSR) that included both cases, Count One in Cause No. 2:10-CR-550 and Count Four in Cause No. 2:10-CR-1128-7. D.E. 344. Ornelas' base offense for felon in possession included relevant conduct of use of the firearm in connection with possession with intent to distribute 5.2 kilograms of methamphetamine (actual) and importation of methamphetamine resulting in a total offense level of 42. *Id*., ¶¶ 38-43. His offense level for aiding and abetting assault with a dangerous weapon in aid of racketeering activity was calculated to be 26 and two levels were added because the offense involved body armor for a total offense level of 28. *Id*., ¶¶ 44-49. Using the multiple count adjustment, Ornelas' combined adjusted offense level was 42 before credit for acceptance of responsibility. *Id*., ¶¶ 50-56.

Ornelas had multiple felony convictions that resulted in a criminal history category V. *Id*., ¶¶ 62-67. His sentencing range was 360 months to life on both counts, but the statutory maximum sentence for felon in possession of a firearm was 10 years. The statutory maximum sentence for aiding and abetting assault in aid of racketeering activity was twenty years. *Id*., ¶¶ 96-99 (citing 18 U.S.C. § 1956(a)(3)).

Defense counsel made no objections to the PSR. D.E. 776, pp. 5-6. Ornelas testified there were no mistakes in the PSR. *Id*., p. 6. After hearing arguments and testimony of a government witness, the Court imposed a sentence of ten years imprisonment in Cause No. 2:10-CR-550. Counsel argued for a 180 month sentence, but the Court imposed a 20 year sentence of imprisonment in Cause No. 2:10-1128-7, both sentences to run concurrently. Judgment was

entered on the docket on March 15, 2012. D.E. 531. Ornelas did not appeal in either case. He filed the present motion no earlier than June 20, 2016, according to his certificate of service.[2] Rule 3(c) (2255 Rules). He filed an amended motion July 28, 2016. D.E. 763.

### III. MOVANT'S ALLEGATIONS

Ornelas alleged that his counsel was ineffective because counsel advised him not to appeal and refused to file a notice of appeal when told to do so. In an amended filing Ornelas expanded on his claim of ineffective assistance, 1) counsel failed to challenge the previous convictions used as predicate offenses and 2) his enhancement pursuant to the ACCA is no longer proper in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015). Ornelas also requested appointment of counsel and an evidentiary hearing. D.E. 763.

### IV. ANALYSIS

A.  28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

B.  **Appointment of Counsel**

Ornelas requested appointment of counsel to assist with his § 2255 motion. A § 2255 movant is not automatically entitled to appointed counsel. *See United States v. Vasquez*, 7 F.3d

---

[2] Ornelas' original motion filed in Cause NO. 2:10-CR-550, D.E. 49.

81, 83 (5th Cir. 1993); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.") (internal citation omitted). Ornelas' motion for appointment of counsel is denied.

C. **Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3] 28 U.S.C. § 2255(f). The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 532 (2003); *United States v. Gamble*, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Ornelas' conviction became final on March 24, 2012, after the expiration of the 14 day period in which to file an appeal. Fed. R. App. P. 4(b); *see Clay*, 537 U.S. at 532. He was required to file his motion to vacate no later than March 24, 2013. His motion was more than three years too late unless a different limitation applied.

Subsection § 2255(f)(3) permits a later § 2255 filing to be timely when a motion is filed within a year after "the date on which the right asserted was initially recognized by the Supreme

---

[3] The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (emphasis added).

Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id*. Ornelas relies on *Johnson* which was decided on June 26, 2015, for the timeliness of his claims.

**D.**     ***Johnson* Claim**

Ornelas' offense level for felon in possession of a firearm was enhanced based upon his use of that firearm in possession with intent to distribute methamphetamine pursuant to U.S.S.G. § 2K2.1(c)(1)(A). Ornelas argues (without explanation) that *Johnson* precludes the enhancement.

*Johnson* held that a portion of the definition of violent felony was unconstitutionally vague in the Armed Career Criminal Act. The Act defines "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year ... that—
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.
>
> § 924(e)(2)(B).
>
>   The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

*Johnson*, 135 S.Ct. at 2555-56 (emphasis added). The *Johnson* Court specifically stated that its invalidation of the residual clause did not affect the other portions of the definition. *Id*. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

*Johnson* has no application to Ornelas' 240 month sentence for aiding and abetting racketeering. Ornelas' claims are without merit. Moreover, *Johnson* does not apply and does not extend limitations. No evidentiary hearing is warranted.

## V.   CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Ornelas has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Ornelas is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI.  CONCLUSION

For the foregoing reasons, the Court DENIES Ornelas' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 763; Cause No. 2:16-CV-349, D.E. 1) and DENIES him a Certificate of Appealability. The Court also DENIES Ornelas' motion for appointment of counsel and for an evidentiary hearing. D.E. 763.

SIGNED and ORDERED this 15th day of November, 2016.

_____
Janis Graham Jack
Senior United States District Judge